IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-465-FL

| | | |
|---|---|---|
| OGERTA H. HARTWEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF MISSOURI; ERIN | ) | |
| BURLISON, St. Charles County Judge, | ) | |
| Division 8, Family Court; JON | ) | |
| CUNNINGHAM, St. Charles County | ) | |
| Judge; and TIMOTHY A. LOHMAR, St. | ) | |
| Charles County Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motions to dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 18, 22). Also pending before the court is pro se plaintiff's motion for leave to amend her complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (DE 26). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendants' motions are granted, and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff commenced this action against defendants on October 22, 2019, alleging defendants deprived her of her civil rights and of due process, violated the Fifth and Fourteenth Amendments to the United States Constitution, and defamed her. On March 3, 2018, and March 18, 2020, defendants filed the instant motions to dismiss. Plaintiff responded in opposition on April 10, 2020, including in her response a motion to amend her complaint.

## STATEMENT OF FACTS

Defendants Erin Burlison ("Burlison") and Jon Cunningham ("Cunningham") are county judges in St. Charles county, Missouri. (Compl. at 2). Defendant Timothy Lohmar ("Lohmar") is the St. Charles county prosecutor. (Id.). Defendants Burlison, Cunningham, and Lohmar are citizens of Missouri. (Id. at 3). Plaintiff alleges that defendants "violated due process of civil and criminal procedures by gross negligence of submitted evidence, used specific constituents such as GAL, health professionals, local police to mold hear say into expert evidence." (Id. at 4). Plaintiff further alleges defendants ignored relevant testimony and reports of subject matter expert witnesses from plaintiff showing endangerment of a child and community and entered their opinion judgment instead. (Id.). Judgment allegedly resulted in "double jeopardy incarceration to the plaintiff and restricting the freedoms of the minor child without due process." (Id.). Defendants allegedly engaged in libel, discrimination, and false allegations to intentionally vilify plaintiff. (Id.). Plaintiff seeks $28,000,000.00 in damages. (Id. at 5).

## COURT'S DISCUSSION

A.     Defendants' Motions to Dismiss (DE 18, 22)

    1.     Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where, as here, a defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

A motion to dismiss under Rule 12(b)(2) challenges the court's exercise of jurisdiction over a party. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

 2. Analysis

  a. Subject Matter Jurisdiction

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. "The Eleventh Amendment bars suits against non-consenting states by private individuals in federal court." Bd. Of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997). Congress may in limited instances abrogate non-consenting states' sovereign immunity where it has "unequivocally express[ed] its intent to abrogate the immunity." Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 55 (1996). The most significant of these is Congress's ability to abrogate the sovereign immunity of non-consenting states through legislation "tailored to 'remedy or prevent' conduct infringing the Fourteenth Amendment's substantive prohibitions." Allen v. Cooper, 140 S. Ct. 994, 1003–04 (2020).

Here, plaintiff has not alleged that defendant Missouri has waived its sovereign immunity under the Eleventh Amendment by consenting to the instant action. In addition, plaintiff does not allege, nor is the court aware of, a clear legislative enactment by Congress validly abrogating defendant Missouri's sovereign immunity in the instant case. Indeed, plaintiff alleges no facts regarding defendant Missouri at all. Accordingly, the court lacks subject matter jurisdiction over plaintiff's damages claims against defendant Missouri.

Prosecutors are absolutely immune when carrying out prosecutorial functions. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-43 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993); Butz v. Economou, 438 U.S. 478, 504 (1978); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Acts taken by a prosecutor to litigate criminal proceedings are prosecutorial functions. See Fitzsimmons, 509 U.S. at 273–74; Goldstein v. Moatz, 364 F.3d 205, 215 (4th Cir. 2004); Ehrlich v. Giuliani, 910 F.2d 1220, 1222 (4th Cir. 1990). "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Imbler, 424 U.S. at 419 n.13.

Although plaintiff does not specifically allege the conduct for which defendant Lohmar is responsible, the only reasonable inference to be drawn from plaintiff's complaint is that defendant Lohmar submitted evidence in a St. Charles county criminal court proceeding that should not have been admitted or considered by the court, and moved to exclude evidence plaintiff sought to have admitted in court. (Compl. at 4). As defendant Lohmar's conduct implicates a prosecutorial function, he is absolutely immune from plaintiff's damages claims.

Similarly, judges are absolutely immune for judicial acts. Forrester v. White, 484 U.S. 219, 227 (1988); see Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (per curiam). A "judicial act" is one normally performed by a judge, where the parties dealt with the judge in his or her judicial

capacity. <u>King v. Myers</u>, 973 F.2d 354, 357 (4th Cir. 1992). If plaintiff claims injury from a judicial act, the defendant judge is immune from suit unless they act with "clear absence of all jurisdiction." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978); <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967). Put differently, immunity for judicial acts will not lie "[w]here there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge." <u>Bradley v. Fisher</u>, 80 U.S. 335, 351–52 (1871). A judge may "not be deprived of immunity because the action [taken] was in error, was done maliciously, or was in excess of his authority." <u>Sparkman</u>, 435 U.S. at 356; <u>Bradley</u>, 80 U.S. at 354.

Here, defendants Burlison and Cunningham heard or excluded evidence and entered judgment against plaintiff in family court and criminal court proceedings involving plaintiff and her minor child. (Compl. at 4). Plaintiff thus complains of injury from judicial acts. Although plaintiff conclusively alleges that defendants Burlison and Cunningham lacked "subject matter jurisdiction," the facts alleged are that defendants' judgment was in error because they relied on inadmissible evidence and refused to allow consideration of relevant testimony and reports of subject matter expert witnesses from plaintiff. (<u>Id.</u>). Where plaintiff merely alleges that defendant's judgment was in error, and where she does not allege any facts that show defendants Burlison and Cunningham acted in clear absence of all jurisdiction, absolute judicial immunity bars plaintiff's damages claims against defendants Burlison and Cunningham.[1]

      b.     Personal Jurisdiction

"A lawful assertion of personal jurisdiction over a defendant requires satisfying the

---

[1]      Defendants also argue that the court lacks subject matter jurisdiction because plaintiff's claims are barred by the <u>Rooker</u>-<u>Feldman</u> doctrine. <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983); <u>see</u> <u>Rooker v. Fid. Tr. Co.</u>, 263 U.S. 413, 415–16 (1923). Where the court concludes that defendants are immune from suit, the court does not reach defendants' alternative argument.

standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). Where, as here, "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause, . . . the dual jurisdictional requirements collapse into a single inquiry" into whether personal jurisdiction comports with due process. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). "[D]ue process requires only that [defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945). The due process inquiry "can be undertaken through two different approaches – by finding specific jurisdiction . . . or by finding general jurisdiction." ALS Scan, Inc. v. Digital Serv. Consul., Inc., 293 F.3d 707, 711 (4th Cir. 2002).

To invoke general jurisdiction, a defendant's contacts with the forum must be "so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Id. at 924. Here, defendants cannot be said to be "essentially at home" in North Carolina, and general jurisdiction does not lie. (See Compl. at 3).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 283–84 (2014) (quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial

connection with the forum State." Id. at 284. "To decide whether specific jurisdiction exists, we examine (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) (quotations omitted); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–76 (1985).

The touchstone of the purposeful availment inquiry is whether "the defendant's conduct and connection with the forum State are such that [s]he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "The purposeful-availment test is flexible, and our analysis proceeds on a case-by-case basis." Tire Eng'g & Distribution, 682 F.3d at 302. A plaintiff's claims arise out of defendant's contacts with the forum if "the defendant's contacts with the forum state form the basis of the suit." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278–79 (4th Cir. 2009); see also CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 295 (4th Cir. 2009) (holding the second prong of the specific jurisdiction inquiry met where contacts are "the genesis of this dispute").

Plaintiff's complaint does not allege defendants have had minimum contacts with North Carolina sufficient for this court to exercise specific jurisdiction consistent with due process. (See Compl. at 4). Where plaintiff fails to make a prima facie showing of a connection between the defendants, the forum, and the litigation, plaintiff's complaint must also be dismissed for lack of personal jurisdiction.[2]

B.    Plaintiff's Motion for Leave to Amend (DE 26)

1.    Standard of Review

---

[2]    Where the court dismisses plaintiff's complaint for lack of jurisdiction, it does not reach defendants' alternative arguments of improper venue, insufficient service of process, and failure to state a claim.

Where, as here, a party seeks leave to amend after a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

   2.   Analysis

Plaintiff seeks leave to add the following allegations against defendants to her complaint: defendants Lohmar and Burlison were engaged in an intimate and romantic relationship at the time they were prosecuting plaintiff in civil and criminal court. (Pl. Resp. at 2). Defendant Cunningham "acted above state law in a god-like manner by entering his opinion as to the dissolution of divorce judgement, although state law dictates that when domestic violence has occurred, a finding of facts has to be abided by." (Id. at 2–3). Defendants Lohmar and Burlison collaborated in forcing plaintiff's child to live in a dangerous microbiology laboratory run illegally in the house of the child's father, knowingly suppressing evidence from the child's pediatrician that the father's microbiology lab was dangerous to the son and community at large. (Id. at 3). Plaintiff "didn't accept" the court's decision and was incarcerated for 18 days. (Id.). As a result of plaintiff's apparent failure to obey the court's order, the court further directed that plaintiff's son be isolated

8

in a mental health facility for 24 days. (Id.).

Plaintiff's proposed additional factual allegations are futile where they fail to cure the court's lack of subject matter jurisdiction and personal jurisdiction in the instant case. Accordingly, plaintiff's motion to amend is denied.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 18, 22) are GRANTED for lack of subject matter jurisdiction and lack of personal jurisdiction. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for leave to amend (DE 26) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

9